## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION


**GUY PAUL SALMON,**                                                    **PETITIONER**

**v.**                                                    **No. 3:15CV85-MPM-DAS**

**BUDDY EAST**
**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                                                    **RESPONDENTS**


### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Guy Paul Salmon for a writ of

*habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state

a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6), as well as for failure to

exhaust state remedies. Salmon has not responded to the motion, and the matter is ripe for resolution.

For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition

for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be

granted and for failure to exhaust state remedies.

### Facts and Procedural Posture

The petitioner, Guy Salmon, is not incarcerated; he has been released on bond and is

currently awaiting trial. ECF, Doc. 11. According to both the Lafayette County District

Attorney's office and the Lafayette County Circuit Clerk's office, on June 10, 2014, Salmon was

indicted on one (1) count of touching a child for lustful purposes and two (2) counts of sexual

battery in the Circuit Court of Lafayette, Mississippi (Circuit Court Case No. LK14-226).

Salmon's trial was scheduled to take place on October 22, 2015, but has since been reset to April

22, 2016. (electronic docket from Lafayette County Circuit Court). The Mississippi Supreme

Court Clerk's Office does not show any filings from Salmon in that court. On May 29, 2015, Salmon filed the instant federal *habeas corpus* petition seeking "to have all charges dismissed with prejudice and be released from custody." *See* ECF, Doc. 1.

### 28 U.S.C. § 2241 – Pretrial Detainees

As the petitioner has not been convicted, the court considers him a pre-trial detainee, and will treat the petition as one filed under 28 U.S.C. § 2241. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973), the United States Supreme Court held that a pre-trial detainee has a right to seek federal *habeas corpus* relief. *Id.*, 410 U.S. at 488-89. The *Braden* Court held, however, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. In addition, a petitioner is not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Indeed, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976).

Generally, there are two types of relief sought by a prisoner who asserts a pretrial *habeas corpus* petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas corpus*

petition for pre-trial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988).

## Two Interpretations of the Petition

Should the court construe the petitioner's arguments as an attempt to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," and the petition must be dismissed for failure to state a claim upon which relief could be granted. *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489. On the other hand, if he is attempting to resolve the charges against him, then he must first exhaust state court remedies.

## Seeking Dismissal of the State Prosecution

Based on the allegations of the petition, the instant request for *habeas corpus* relief is not an available remedy. *Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987) (citations omitted). The most natural reading of the petition is that Salmon seeks to have the entire state criminal prosecution dismissed. The Fifth Circuit broached the "special circumstance" issue in *Dickerson* and declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present case, the petitioner has not identified "special circumstances" to warrant disruption of the state's judicial process. As such, the instant petition should be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief

may be granted.

## Exhaustion Requirement of 28 U.S.C. § 2241

In addition, petitioners seeking relief under 28 U.S.C. § 2241 must first exhaust available state remedies before seeking relief in federal court.

> Despite the absence of an exhaustion requirement in the statutory language of Section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or *by other state procedures available to the petitioner*. *See, e.g., Braden,* 410 U.S. at 489-92, 93 S.Ct. at 1126-28; *Ex parte Royall,* 117 U.S. 241, 250-54, 6 S.Ct. 734, 739-41, 29 L.Ed. 868, 871-72 (1886); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976). *See also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir.1975).

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987)(emphasis added).

To the extent that the petitioner seeks to force the State to go to trial, he has not filed a motion for a speedy trial in state court. Indeed, it does not appear that the petitioner has raised this claim directly in the instant petition. In any event, the petitioner has not provided the state courts with a fair opportunity to address any speedy trial claim; as such, he has not exhausted this claim, either.

## Conclusion

For the reasons set forth above, the State's motion to dismiss the instant petition for a writ of *habeas corpus* will be granted and the petition dismissed for failure to state a constitutional claim and for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of April, 2016.


/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**